IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| FELICIANO ORTIZ, Reg. No. 17289-280, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | EP-15-CV-131-DB |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Feliciano Ortiz's petition for a writ of error

*coram nobis* under 28 U.S.C. § 1651(a).  In his petition, Ortiz asks that the Court allow him to

withdraw his guilty plea to an information charging him with conspiring to bring aliens into the

United States for profit and to vacate the judgment in cause number EP-13-CR-795-DB-2.  Ortiz,

a citizen of Mexico accorded lawful permanent resident status in the United States at the time of

his arrest, notes that the Supreme Court held in *Padilla*[1] "that counsel must inform [his] client

whether his plea carries a risk of deportation."[2]  Ortiz maintains that his counsel provided

constitutionally ineffective assistance when he failed to advise him of the immigration

consequences of his guilty plea.  Specifically, he claims his attorney:

> (a) failed to investigate the immigration consequences of pleading guilty to
> the instant offense, (b) failed to seek an immigration safe disposition of Mr.
> Ortiz's case, and (c) failed to advise Mr. Ortiz of the "succinct, clear, and
> explicit" legal consequences Mr. Ortiz would encounter if he was convicted
> of the immigration offense.[3]

---

[1] *Padilla v. Kentucky*, 559 U.S. 356 (2010).

[2] Pet'r's Pet. 5, ECF No. 1, May 8, 2015 (citing *Padilla*, 559 U.S. at 374).

[3] *Id.* at 3–4.  *But see* Sentencing Tr. 20, ECF No. 90, May 5, 2015 ("THE COURT:  . . .
Are you a citizen of the United States, Mr. Ortiz?  THE DEFENDANT:  No, sir.  THE COURT:

Ortiz adds that, as a consequence of his conviction, an immigration judge ordered his removal from the United States to Mexico.[4] After reviewing the record and for the reasons discussed below, the Court finds that Ortiz is not eligible for relief through a writ of error *coram nobis*. Accordingly, the Court will deny his petition and dismiss his cause without prejudice.

"The writ of *coram nobis* is an ancient common-law remedy designed 'to correct errors of fact.' "[5] "[T]he authority to grant a writ of *coram nobis* is conferred by the All Writs Act, which permits 'courts established by Act of Congress' to issue 'all writs necessary or appropriate in aid of their respective jurisdictions.' "[6] The writ of *coram nobis* provides "an 'extraordinary remedy'. . . to a petitioner no longer in custody who seeks to vacate his conviction in circumstances where 'the petitioner can demonstrate that he is suffering civil disabilities as a consequence of the criminal convictions and that the challenged error is of sufficient magnitude to justify the extraordinary relief.' "[7] "The writ will issue only when no other remedy is available and when 'sound reasons exist[ ] for failure to seek appropriate earlier relief.' "[8] Therefore, a

---

Do you understand that you're also subject to deportation. If you are deported, you may -- you will be prevented from ever reentering the United States or remaining in the United States. Do you understand that? THE DEFENDANT: Yes, sir.").

[4] Pet'r's Pet., Ex. 7 (Written Decision and Order of the Immigration Court).

[5] *United States v. Denedo*, 556 U.S. 904, 910 (2009) (quoting *United States v. Morgan*, 346 U.S. 502, 507 (1954)).

[6] *Id. at* 911 (quoting 28 U.S.C. § 1651(a)).

[7] *United States v. Castro*, 26 F.3d 557, 559 (5th Cir. 1994) (citing *United States v. Morgan*, 346 U.S. 502, 511 (1954) and *United States v. Marcello*, 876 F.2d 1147, 1154 (5th Cir. 1989)).

[8] *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998) (quoting *Morgan*, 346 U.S. at 512 (alteration in original)).

petitioner seeking *coram nobis* relief must demonstrate (1) he is no longer in custody, (2) there are circumstances compelling the granting of the writ in order to achieve justice, (3) sound reasons exist for his failure to seek appropriate earlier relief, and (4) he continues to suffer legal consequences from his conviction which may be remedied by granting the writ.[9] "In addition, a petitioner bears the considerable burden of overcoming the presumption that previous judicial proceedings were correct."[10]

As was discussed above, "[t]he writ of *coram nobis* is an extraordinary remedy available to a petitioner *no longer in custody* who seeks to vacate his criminal conviction."[11] A defendant who is subject to parole or to supervised release is still *in custody* for the purposes of a writ of habeas corpus or a motion to vacate.[12] In this case, the Court sentenced Ortiz to three years' supervised release on October 25, 2013.[13] Ortiz concedes he is "now serving his sentence

---

[9] *Foont v. United States*, 93 F.3d 76, 78–79 (2nd Cir. 1996).

[10] *Dyer*, 136 F.3d at 422 (citation omitted).

[11] *United States v. Hatten*, 167 F.3d 884, 887 n.6 (5th Cir. 1999) (emphasis added) (citing *Castro*, 26 F.3d at 559).

[12] *See Jones v. Cunnigham*, 371 U.S. 236, 240–43 (1963) ("While petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom; this is enough to keep him in the 'custody' of the members of the Virginia Parole Board within the meaning of the habeas corpus statute[.]"); *see also United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997) ("[W]e conclude that, as a person serving a term of supervised release, Brown was 'in custody' within the meaning of [28 U.S.C.] § 2255 when he filed his petition in the district court."); *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995) ("Kusay's appointed lawyer responded that, because Kusay has been released from prison, he is no longer 'in custody' for purposes of § 2255. This is incorrect. Kusay is serving a term of supervised release, a form of custody that may be abbreviated if he prevails in this action. The case therefore is not moot."); *United States v. Essig*, 10 F.3d 968, 970 n.3 (3d Cir.1993) ("Essig was still subject to a three year period of supervised release. Therefore, the district court had jurisdiction when the petition was filed because Essig was still 'a prisoner in custody' within the meaning of § 2255.").

[13] J. Crim. Case, ECF No. 77, Oct. 25, 2013.

unsupervised in . . . Mexico."[14] Assuming that Ortiz successfully completes his supervised

release, he will not discharge his sentence until October 25, 2016.  Thus, he is still in custody and

not eligible for relief by way of a writ of error *coram nobis*.[15]

As was also discussed above, "[t]he writ will issue only . . . when 'sound reasons exist[ ]

for failure to seek appropriate earlier relief.' "[16]  The appropriate method for a federal prisoner to

challenge a sentence is through a motion to vacate, set aside, or correct sentence, pursuant to 28

U.S.C. § 2255.[17]  Such a motion is governed by a one year statue of limitation.[18]  A federal

---

[14] Pet'r's Pet. 2, ECF No. 1, May 8, 2015.

[15] *See Pack v. Yusuff*, 218 F.3d 448, 454 n.5 (5th Cir. 2000) ("Both [28 U.S.C.] §§ 2255 and 2241 require that at the time a prisoner files a motion or petition, he must be 'in custody' for the conviction or sentence he wishes to challenge in order for the habeas court to have jurisdiction.  Usually, 'custody' signifies incarceration or supervised release, but in general it encompasses most restrictions on liberty resulting from a criminal conviction."); *see also United States v. Sandles*, 469 F.3d 508, 517 (6th Cir. 2006) ("A defendant completing his supervised release is in 'custody,' and the writ of *coram nobis* is not available to him."); *United States v. Dent*, 135 F. App'x 532, 534 (3d Cir. 2005) (per curiam) (unpublished op.) ("Because Dent is still on supervised release pursuant to the modified sentence, he is still 'in custody' and thus, *coram nobis* relief is not available to him."); *United States v. Akkaraju*, 97 F. App'x 43, 44–45 (7th Cir. 2004) (per curiam) (unpublished op.) ("When he filed the [*coram nobis*] motion, Akkaraju was on supervised release, which means he was still 'in custody' for purposes of § 2255.  '[P]ersons still in custody must look to § 2254 or § 2255 for relief' and cannot use *coram nobis* 'to escape statutory restrictions on those remedies[.]'") (quoting *Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000)); *United States v. Smith*, 77 F. App'x 180 at *1 (4th Cir. 2003) (per curiam) (unpublished op.) ("[A] writ of error *coram nobis* is available only when the petitioner is not in custody.  As Smith is in federal custody by virtue of his supervised release status, he is not entitled to relief under [28 U.S.C.] § 1651.") (internal citations omitted); *Matus–Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002) ("Matus–Leva cannot overcome the first hurdle because he is still subject to supervised release, and thus he is in 'custody.'  Because the more usual remedy of a habeas petition is available, the writ of error *coram nobis* is not.") (internal citations omitted).

[16] *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998) (quoting *Morgan*, 346 U.S. at 512 (alteration in original)).

[17] *See United States v. Whitehead*, 449 F. App'x 326, 326–27 (5th Cir. 2011) (per curiam) (unpublished op.) ("[T]he writ [of *audita querela*] is not available if the objection can be brought pursuant to any other post-conviction remedy.") (citing *United States v. Miller*, 599 F.3d 484, 488 (5th Cir. 2010)); *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004) ("'the writ of

prisoner must file his § 2255 motion within one year from the date on which (1) the judgment became final, (2) the government-created impediment to filing the motion was removed, (3) the United States Supreme Court initially recognized, and made retroactively applicable to cases on collateral review, the legal predicate for the motion,[19] or (4) the petitioner could have discovered, through due diligence, the factual predicate for the motion.[20] Limitations generally run from the date that a conviction becomes final.[21] In Ortiz's case, that date was November 8, 2013, the last day on which he could have appealed to the Fifth Circuit Court of Appeals.[22] The one-year limitations period is not jurisdictional, and it is subject to equitable tolling.[23] Equitable tolling is not, however, available for "'garden variety claims of excusable neglect.'"[24] It "is permitted only

---

*coram nobis* is an extraordinary remedy available [only] to a petitioner no longer in custody'") (quoting *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996), and citing *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002)).

[18] 28 U.S.C. § 2255(f) (2012).

[19] The Supreme Court decided *Padilla* on March 31, 2010, more than three years before Ortiz entered his guilty plea.

[20] 28 U.S.C. § 2255(f); *United States v. Brown*, 305 F.3d 304, 306–07 (5th Cir. 2002).

[21] 28 U.S.C. § 2255(f)(1).

[22] *See* Fed. R. App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."); *see also United States v. Johnson*, 457 U.S. 537, 542 n.8 (1982) (noting that a conviction is final when the availability of further appeal is exhausted).

[23] *Cf. Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010) ("[W]e hold that [28 U.S.C.] § 2244(d) is subject to equitable tolling in appropriate cases.").

[24] *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

'in rare and exceptional circumstances.' "[25]  Ortiz offers no explanation whatsoever for his failure to seek appropriate earlier relief by filing a timely § 2255 motion.

Accordingly, because Ortiz is still in custody and has offered no sound reasons for his failure to pursue a § 2255 motion, Ortiz's petition for writ of error *coram nobis* is **DENIED**, and his civil cause is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

**SIGNED** this ___13___ day of May 2015.

DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE

---

[25] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).